UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE SHERIDAN ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| I.C. SYSTEMS, INC. ) | JURY TRIAL DEMANDED |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Michelle Sheridan, by and through her undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Michelle Sheridan (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III.   PARTIES

4. Plaintiff, Michelle Sheridan is an adult natural person residing at 1110 Caton Avenue, Apt. 7, Brooklyn, New York 11218-2804.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, I.C. Systems, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Wyoming with its principal place of business located at 444 East Highway 96, Saint Paul, MN 55164 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. In or around the middle of December, 2009, Plaintiff received a call

from Defendant's agent, "Susan", in regards to a debt allegedly owed to Bank of America for $6,429.00.

8. At that time Plaintiff informed the Defendant that she had retained the services of Persels & Associates to assist her in paying off her unsecured debt and that Defendant should contact Persels & Associates directly in regards to this matter.

9. Defendant's agent, "Susan", stated that they would not work with Persels & Associates. Defendant's agent, "Susan", told the Plaintiff that Persels & Associates was not a real law firm and that she was just wasting her money because there was nothing they could do to help her.

10. On or about December 23, 2009, Persels & Associates, sent a cease and desist letter to the Defendant informing them that they were representing the Plaintiff with her debt settlement negotiations and that the Defendant needed to update their records to reflect them as their sole contact. **See Exhibit "A" (letter) attached hereto.**

11. Plaintiff continued to receive calls from the Defendant demanding payment on this debt throughout the remainder of December, 2009.

12. On or around January 14, 2010, Plaintiff received another call from Defendant's agent, "Susan", demanding that payment be made on the outstanding debt. Plaintiff tried once again to have the Defendant contact Persels & Associates, but Defendant's agent, "Susan", again stated that there was no way that she would work with them and that the Plaintiff needed to just pay her bill.

13. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

14. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

18. The above paragraphs are hereby incorporated herein by reference.

19. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692c(a)(2): After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

| | | |
|---|---|---|
| | § 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| | § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| | § 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| | § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| | § 1692e(2): | Character, amount, or legal status of the alleged debt |
| | § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant, I.C. Systems, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

             **Respectfully submitted,**

             **WARREN & VULLINGS, LLP**

**Date: January 18, 2010**     **BY: /s/Brent F. Vullings**
             Brent F. Vullings, Esquire
             Warren & Vullings, LLP
             1603 Rhawn Street
             Philadelphia, PA  19111
             215-745-9800   Fax 215-745-7880
             Attorney for Plaintiff